UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NE TECHNOLOGIES, INC., | : | Civil Action No. 06-6061 (MLC) |
| Plaintiff, | : | |
| | : | OPINION AND ORDER |
| v. | : | |
| EVOLVING SYSTEMS, INC., | : | |
| Defendant, | : | |

**I. INTRODUCTION**

Currently before the Court is a Motion filed by Plaintiff, NE Technologies, Inc. (hereinafter "Plaintiff"), seeking to compel Defendant Evolving Systems, Inc. (hereinafter "Defendant"), to produce certain records that Plaintiff asserts contains information about what each of the hundreds of programmers involved in Defendant's Local Number Portability (hereinafter "LNP") project did each day. In the underlying case, Plaintiff claims that licenses provided to Defendant in order to carry out the LNP project were misused in various ways. For the following reasons, the Motion to Compel is DENIED.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

In 1997, ESI entered into a software license agreement with NET's predecessor DSET Corp. (hereinafter "Agreement"). (Plaintiff's Brief in Support of its Motion to Compel Production of Documents at 5). ESI uses this software to develop, test and maintain products in connection with its Local Number Portability project that permits telephone customers to retain their telephone numbers even when they switch carriers. (*Id.* at 6).

According to Plaintiff, the agreement entered into grants license on two criteria which in turn determine the license fees. (*Id.*). Those criteria are either (a) the number of CPUs onto which it has installed or will install the software, and (b) the number of programmers that access, or will access, the software. (*Id.*). Plaintiff also asserts that the agreement requires ESI to notify NET of any changes with respect to the number of CPUs and/or number of programmers accessing the Software. (*Id.*). Plaintiff alleges that the licenses provided to ESI were misused and thus brought this action alleging breach of contract, unjust enrichment, breach of implied duty of good faith and fair dealing, and deceptive trade practices. (Defendant's Brief in Opposition to Motion to Compel).

As all parties are familiar with the extensive procedural history of this case, the Court need not give a detailed summary of that history for the purpose of this Opinion. The Court will, however, include those procedural facts that are relevant to the reasoning of its Opinion

### A. Plaintiff's Arguments

On October 15, 2007, Plaintiff Moved to Compel Defendant to produce time sheets for all computer programmers involved in the LNP project, invoices and statements related to all contractors' computer programmers, and project logs and any documents that disclose, or from which it can be determined, the total number of "man hours" expended on the LNP project. (Plaintiff's Brief in Support of its Motion to Compel Production of Documents at 8).

Plaintiff asserts that Defendant's refusal to respond to their document demands is not warranted. Plaintiff contends that Defendant must respond to all document demands propounded during the discovery period and as such, there is no authority that would allow a discovery request made within the discovery period to be refused. (*Id.*). Additionally, Plaintiff asserts that Defendant

is engaging in a bad faith ploy to withhold documents that were requested before the end of the discovery period. (Rodger v. Addison-Wesley Pub Co., Inc., 99 F.R.D. 85 (N.D. Ga. 1983)).

Plaintiff asserts that the document request does not reflect a new unpled theory of liability as the Defendant contends, and that they have been pursuing this theory from the outset and it is therefore relevant to their claim. (Plaintiff's Brief in Support of its Motion to Compel Production of Documents at 11). Plaintiff asserts that this is proven by the fact that their claim that Defendant exceeded the scope of developer licenses was the focus of both interrogatories propounded to Defendant on June 12, 2007 and document demands of Defendant (specifically demands 5 and 7). (*Id.*). Plaintiff also asserts that from the outset of this litigation, Defendant has known that the basis for the document demand at issue is part of Plaintiff's claim and this is evident from Defendant's sworn interrogatory response of July 17, 2007 in which they address "ESI's alleged use of more licenses for developers seats than it purchased." (*Id.*). Additionally, Plaintiff asserts that Defendant also cannot claim that the document demands are overbroad or vague because Defendant's own witnesses narrowed the discovery demands by specifically identifying the documents Defendant would be in possession of as well as by identifying their contents. (*Id.*).

Plaintiff asserts that Defendant, as the party resisting discovery, has the burden of clarifying, explaining, and supporting its objections and that they have failed to discharge this duty. (Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). Plaintiff continues its argument, asserting that Defendant's objections lacked the requisite specificity required of discovery objections. Plaintiff asserts that Defendant's objections were boilerplate in nature, were submitted without affidavits and therefore should be rejected. (Tequila Centinela S.A. de C.V., v. Bacardi & Co. LTC, 242 F.R.D. 1, 10 (D.DC 2007). Plaintiff also asserts that these boilerplate objections make

3

Defendant's broadness and vagueness objections deemed waived under Rule 34. (Sabol v. Brooks, 469 F.Supp.2d 324 (D.Md. 2006)). Plaintiff asserts that the same is true for Defendant's relevance objections where they have failed to present an explanation (A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186 (C.D.Ca., 2006)).

Finally, Plaintiff asserts that Defendant should not accept its Counsel's assessment that the documents requested by Plaintiff do not contain the information sought. Plaintiff asserts that this is because Counsel has acted, not in an ordinary attorney's capacity to make a representation to the court, but as a witness that has testified to a factual matter. (Spivey v. United States, 912 F.2d 80, 84 (4th Cir. 1990)); (Freeman v. Vicchiarelli, 827 F.Supp 300 (D.N.J. 1993)). Plaintiff continues, asserting that Counsel is also not qualified to make the determination that he made because he is not an expert in computer technology or software. (Plaintiff's Brief in Support of its Motion to Compel Production of Documents at 15). Plaintiff asserts that it would be better to rely on their computer software expert who is intimately familiar with the software at issue and the telecommunications industry in general. (*Id.*).

### B. Defendant's Arguments

Defendant opposes the Plaintiff's Motion to Compel and contends that Plaintiff's requests are overly broad and unduly burdensome pursuant to Rule 26(b)(2)(C). Defendant contends that the Court may limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." (Rule 26(b)(2)C); (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 12). Defendant contends that the process of locating and examining the

requested documents would involve finding and reviewing a voluminous number of records at great expense. (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 12). Defendant also indicates that even though some of the documents are electronic, the fact that ESI had changed its accounting systems during this time makes such documents accessible only through locating expensive obsolete hardware. (*Id.* at 13). Furthermore, Defendant contends that the burden of producing the requested documents will far outweigh the benefit because the documents themselves do not contain information from which one could determine the number of users of the software and ESI never tracked the number of users of the software. (*Id.*). Defendant also contends that the information that Plaintiff requested was already submitted in the testimony of Mr. Malone, who was able to recall the number of users of the software. (*Id.*).

Defendant further contends that Plaintiff's document request is irrelevant and not likely to lead to the discovery of admissible evidence pursuant to Rule 26(b)(1) because Plaintiff has not asserted in its pleading that ESI allowed unlicensed users to access the software. (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 16). Defendant contends that under the terms of the disputed Agreement, the software was licensed on a per CPU or per project basis and not per user therefore making the question of number of users irrelevant (*Id.* at 14). Defendant contends that whether or not Plaintiff pursued this theory of liability during discovery as they assert is irrelevant and that discovery requests can only be relevant to claims and defenses of any party. (*Id.* at 17) Additionally, Defendant contends that Plaintiff cannot "develop new claims or defenses that are not already identified in the pleadings" and that Plaintiff is doing precisely that. (Engers v. AT&T, 2004 U.S. Dist. LEXIS 29538, *21 (D.N.J. 2004); (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 16).

5

Defendant also contends that, contrary to Plaintiff's assertion that Defendant was aware that the number of individual software users was an issue because of their interrogatory response, Defendants state that their response was based on the fact that under the terms of the Agreement along with the parties' ten-year course of dealing, a developer seat means a CPU and not an individual user. (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 18).

Finally, Defendant contends that Plaintiff's document request was untimely because they were served only sixteen days prior to the date on which Plaintiff agreed to conclude discovery. (*Id.*). Defendant contends that for a discovery request to be valid pursuant to Federal Rule of Civil Procedure 33(b)(2), "requests must be served at least thirty days prior to a completion of discovery deadline." Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003). Defendant contends that the thirty-day requirement has been adopted in the Third Circuit. Brooks v. Johnson & Johnson, 1990 U.S. Dist. LEXIS, *3 (E.D. Pa. 1990). Additionally, Defendant contends that the scheduling order stated that "the parties will have until August 31, 2007, to conclude all fact discovery" which, Defendant indicates, leads to the thirty-day requirement being dictated by "common sense" in order to give "…sufficient time to allow the answering party to respond before the termination of discovery." (*Id.*). (citing Northern Indiana Public Serv. Co. v. Colorado Westmoreland, Inc., 112 F.R.D. 423, 424 (N.D. Ind. 1986). Defendant also contends that Plaintiff's claim that they could not have learned of the documents at issue is illogical as NET is a software company and it is common practice for such companies to enter time sheets. (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 20). Regardless of whether Plaintiff could have learned of the documents earlier, Defendant contends that this is no excuse for ignoring the scheduling order. (Gavenda v. Orleans County, 182 F.R.D. 17 (W.D.N.Y. 1997).

### III. DISCUSSION

#### A. Legal Standard

The Federal Rules of Civil Procedure provide the scope of discovery as:

"Any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matters. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. . . All discovery is subject to the limitations imposed by Rule 26(b)(2)©."

Fed. R. Civ. P. 26(b)(1).

Additionally, the Third Circuit has stated that 'although the scope of discovery is unquestionably broad, this right is not unlimited and may be circumscribed. (Bayer A.G. v. Betachem, Inc., 173 F.3d 188 (3rd Cir. 1999)). Indeed, pursuant to Fed. R. Civ. P. 26(b)(2), the scope of discovery may be limited by motion or by the Court if:

"(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained by some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

Furthermore, "[a]lthough the scope of discovery is broad, it is not unlimited. Discovery is not permitted where the discovery sought is irrelevant to the claims at issue, where the requests were tendered in bad faith, or where the requests are unduly burdensome." (Gutierrez v. Johnson & Johnson, Inc., 2002 U.S. Dist LEXIS 15418, *10 (D.N.J. 2002)).

Discovery requests must also be relevant to a claim and defense of either party.  Courts have held that pursuant to this rule, parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  Engers v. AT&T, 2004 U.S. Dist. LEXIS 29538, *21 (D.N.J. 2004)).

Discovery requests must also be made in a timely fashion.  Fed. R. Civ. P. Rule 33(b)(2) states that parties are allowed thirty days to respond to interrogatories and requests for production.  Requests for discovery must therefore be made with "sufficient time to allow the answering party to respond before the termination of discovery."  (Brooks v. Johnson & Johnson, 1990 U.S. Dist. LEXIS 8144, *3 (E.D. Pa. 1990).  Courts have stated that this requirement is "common sense" that requests must be made with sufficient time to respond before the deadline.  (Northern Indiana Public Serv. Co. v. Colorado Westmoreland, Inc., 112 F.R.D. 423 424 (N.D. Ind. 1986)).  Various other circuits have gone as far to hold that requests are required to be made at least thirty days before the completion of the discovery deadline or else it would result in an unreasonable delay.  (Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003)); (See e.g. Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007).

When objecting to a discovery request, an objecting party must state with specificity the grounds for the objection, and not the "familiar litany that an interrogatory or document production request is 'overly broad, burdensome, oppressive and irrelevant.'"  (Powell v. S. Jersey Marina, Inc., 2007 U.S. Dist. LEXIS 55849 (M.D. Pa. Aug. 1, 2007)).  Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections.  (See E.g., Sabol v. Brooks, 469 F.Supp.2d 324 (D.Md., 2006)).

8

As such, the Court first needs to determine whether the Defendant's objections to the discovery request had the requisite specificity to not constitute a waiver. In addition, the Court needs to determine whether the discovery request was relevant to the claims and defenses of either party, whether it was made in a timely fashion and whether it was over-burdensome or overbroad.

### B.      Whether the Defendant's Objections are Insufficient and Thus Waived

Plaintiff asserts that Defendant's original discovery objection was boilerplate in character, and therefore it did not have the requisite specificity required to constitute a valid objection. The Court acknowledges that in some circumstances, boilerplate objections can constitute a waiver of objection. (Sabol v. Brooks, 469 F.Supp.2d 324 (D.Md., 2006). However, the Plaintiff has not submitted sufficient persuasive authority for the finding that Defendant has failed to fulfill the burden of specifying the grounds on which it objects. It is therefore the Court's opinion that Defendant's arguments fulfill the specificity requirements. Defendant does in fact state at length in its brief, the reasons why it would be burdensome, including the need to find and review a "voluminous number of records at great expense," (Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration at 12), the fact that even electronic records are accessible only through locating expensive obsolete hardware, (*Id.* at 13), that the documents themselves do not contain information Plaintiff requests (*Id.*) and that a witness already testified regarding the number of users. (*Id.* at 14). Therefore, the Court finds that Defendant's objections are sufficient and are not waived.

### C.      Whether the Motion to Compel Was Timely

Defendant contends that the Plaintiff's motion was untimely. Discovery requests are only valid under Fed. R. Civ. P. 33(b)(2) if they give the opposing party sufficient time to respond before the end of the discovery period. (Brooks v. Johnson & Johnson, 1990 U.S. Dist. LEXIS 8144, *3

9

(E.D. Pa. 1990)). In addition, the Court has a responsibility to construe all of the Federal Rules in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." (Fed. R. Civ. P. 1).

Plaintiff moved to compel the production of documents sixteen days before the Court's scheduling order dictated that all factual discovery must be completed. It appears clear that this request should have been submitted earlier in order to give Defendant more time to comply. Plaintiff knew of the deadline in the scheduling order; Plaintiff knew of the procedure regarding discovery requests; and Plaintiff should have known that a relatively simple request for time sheets would have produced information helpful to their claim of software users at an earlier date in the litigation.

In the case at hand, the Court finds that Plaintiff's request within sixteen days of the deadline for discovery requests is not considered timely and therefore the motion to compel Defendants to produce the outstanding discovery is DENIED. As such, it is unnecessary for this Court to reach the questions of whether the request is unduly burdensome or overbroad; whether the request is relevant; or whether Defendant Counsel's assessment of the requested documents violates the prohibition against attorney testimony. With this decision, the Court does not intend to find that all discovery requests must necessarily, without exception, be made within a specific time frame to be considered timely, but instead, the Court recognizes that some circumstances might require a more fact-sensitive analysis when evaluating the timeliness of discovery requests

## IV. CONCLUSION

Pursuant to the discovery limitations set forth in Fed. R. Civ. P. 26(b)(2), the Court finds that Plaintiff's discovery request was untimely. Therefore, Defendant is not compelled to produce the requested time sheets, invoices and statements, project logs, or any documents that disclose, or from

which it can be determined, the total number of "man hours" expended on the LNP project at issue in the underlying licensing dispute.

For the aforementioned reasons, IT IS on the 11th day of September 2008,

ORDERED that Plaintiff's motion to compel Defendant to produce time sheets, invoices and statements, project logs, or any documents that disclose, or from which it can be determined, the total number of "man hours" expended on the LNP project is DENIED.

 s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**